## HARRIET A. DROST

*v.*

## JOHN HALL et al.

1. No one can make an assignment of dower but the tenant of the freehold.

2. A writ of dower will not lie against a person holding a mere chattel interest in the land, or having an estate of less duration than the life of the dowress.

3. An action of dower can only be maintained against the owner of the land or the tenant of the freehold, for no other person has power to make a valid assignment of dower.

4. While courts of equity possess concurrent jurisdiction with courts of law in suits for dower, they govern themselves in the decision of cases involving no equitable right by precisely the same principles that would govern a court of law in deciding a like case.

On demurrer.

*Mr. James Parker* for complainant.

*Mr. John W. Beekman* for demurrants.

VAN FLEET, V. C.

This is a suit for dower. The defendants deny, by demurrer, that the case made by the bill entitles the complainant to any decree against them. The material averments of the bill are: that the complainant and Henry G. Drost intermarried in 1849; in 1850 Henry became the owner in fee of a tract of land in Middlesex county; in 1851 he conveyed part of it to one Miles Oakley; the complainant joined in the execution of the deed, but, as she was then an infant, less than seventeen years of age, her right in the land did not pass; Henry died in 1881—it is not stated whether he died testate or intestate—and then it is alleged, that the defendants all have or claim to have some interest in portions of the land, and that they deny that the complainant is entitled to dower in the land and refuse to assign

Drost v. Hall.

dower to her.    It will be observed that it is not alleged that the defendants have any estate in the land, nor even that they have possession of it, but merely that they have or claim to have some interest in portions of it, without defining such interest, whether it is that of an owner, encumbrancer, tenant for years, or however otherwise it arose or was created.    The defendants contend that an averment in this form does not show that they have any estate in the land, or that it is within their power to assign dower.    It is certain that if it is not shown that they have such an estate in the land as invests them with power to assign dower, no action can be maintained against them for not making an assignment.

The law has long been settled that no one can make an assignment of dower but the tenant of the freehold (*1 Co. Litt. tit. "Dower"* c. *5* §§ *39, 35a ; Ellicott* v. *Mosier, 7 N. Y. (3 Seld.) 201, 205*) ; and it is also settled, that a writ of dower *unde nihil habet* will not lie against a person holding a mere chattel interest in the land, or having an estate of less duration than the life of the dowress.    *Com. Dig. 503 G. 2 ; Hurd* v. *Grant, 3 Wend. 340, 341 ; Galbraith* v. *Green, 13 Serg. & R. 85, 94 ; Seaton* v. *Jamison, 7 Watts 533, 537*.    The reason on which this rule rests, as stated by Mr. Park in his treatise on the *Law of Dower*, is, in substance, this :   An assignment of dower being an act involving the interests of the persons entitled to the inheritance, no one is competent to assign dower but the tenant of the freehold.    As no tenant of an inferior nature is capable of binding the rights of the freeholder in a real action, and consequently, as a judgment obtained on a writ of dower, brought against a person having merely a chattel interest, would be voidable by the freeholder, the consistency of the law requires that such person should not bind the freeholder by assigning dower without action.    A person having only a chattel interest is not entrusted with the defence of the inheritance.    *Park Dow. 256 ; 11 Law Lib. 121*.    The reason of the rule was also stated by Chief-Justice Ruggles in *Ellicott* v. *Mosier, supra*.    He said, as the object of an action of dower is to obtain or compel an assignment of dower by the heir or owner, it can only be maintained against

the owner or tenant of the freehold, for no other person can assign dower. The writ of dower was abolished in New York in 1830, by statute, and an action of ejectment given in its stead. The courts, in construing this statute, have held that a widow, in attempting to recover her dower by ejectment, must bring her action against the actual occupant of the land. *Sherwood* v. *Vanderburgh, 2 Hill 303, 307*. But it has also been held, that a judgment in favor of the widow, and against the occupant, will not bind the owner unless he has been made a party to the suit and had an opportunity to make a defence. *Ellicott* v. *Mosier, supra.*

Dower, when founded on a legal seizin, is a pure legal right, and while courts of equity possess concurrent jurisdiction with courts of law for its enforcement, yet, in cases where no equitable right is involved, they determine the right set up by the widow by precisely the same principles which would govern the decision of a court of law in a like case. And if her right to dower is denied on legal grounds, equity will defer the final determination of her claim until her legal right has been established by a judgment at law. *Ocean Beach Association* v. *Brinley, 7 Stew. Eq. 438, 439.*

The bill wholly fails to show that the defendants have such an estate in the land, in which dower is claimed, as invests them with power to assign dower, or makes it their duty to do so. For this reason I think, the demurrer must be sustained with costs.